IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:88-cr-00045-WSD |
| EUGENE POWELL GRIFFIN, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Eugene Powell Griffin's ("Defendant") *pro se* Motion for Correction or Reduction of Sentence pursuant to former Rule 35(a) [143] ("Ninth Motion" or "Rule 35 Motion").

I.   **INTRODUCTION**

On March 15, 1989, Defendant was convicted by a jury on one count of knowingly possessing a firearm after having three or more prior convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One), and one count of possession of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 841 (Count Two).  On May 18, 1989, Defendant was sentenced to life without the possibility of parole on Count One, the maximum sentence allowed by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) ("Section 924(e)").  Defendant was sentenced to twenty (20) years

imprisonment on Count Two, to run consecutive to Count One.

On August 23, 1990, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on direct appeal.

Defendant has filed numerous post-judgment attacks on his sentence, including nine attacks pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.  (See [1], [10], [14], [51], [70], [74], [102], [106], [143]).  Three of these Rule 35 Motions have been appealed and reviewed by the Court of Appeals.

On August 21, 2002, Defendant filed his fourth motion to correct illegal sentence pursuant to former Rule 35(a) [51] ("Fourth Motion").  On November 18, 2003, the Court denied Defendant's Fourth Motion [62].  On January 19, 2006, the Court of Appeals affirmed the Court's denial of Defendant's Fourth Motion [68].  United States v. Griffin, 162 F.App'x 935 (11th Cir. 2006) ("Griffin I").

On July 29, 2009, Defendant filed his sixth motion to correct illegal sentence pursuant to former Rule 35(a) [74] ("Sixth Motion").  On September 1, 2009, the Court denied Defendant's Sixth Motion [75].  On December 13, 2010, the Court of Appeals affirmed the Court's denial of Defendant's Sixth Motion [101].  Griffin v. United States, 405 F.App'x 377 (11th Cir. 2010) ("Griffin II").

On October 20, 2011, Defendant filed his eighth motion challenging his

sentence pursuant to former Rule 35(a) [106] ("Eighth Motion").  On March 13, 2012, the Court denied Defendant's Eighth Motion [108].  On May 28, 2013, the Court of Appeals affirmed the Court's denial of Defendant's Eighth Motion [123].  United States v. Griffin, 520 F.App'x 786 (11th Cir. 2013) ("Griffin III").

On March 3, 2017, Defendant filed his Ninth Motion challenging his conviction and sentence pursuant to the former Rule 35(a) of the Federal Rules of Criminal Procedure.  As he has done in his prior Rule 35 Motions, Defendant claims that his sentence is illegal because he was sentenced to life without the possibility of parole under a sentencing enhancement pursuant 18 U.S.C. § 924(e).  Defendant claims that the Section 924(e) enhancement went into effect after Defendant committed the possession of a firearm offense in Count One.  Rule 35(a), before it was changed effective November 1, 1987, provided that a "court may correct an illegal sentence at any time[.]"  Defendant argues that the Court should apply the former Rule 35(a) to vacate Defendant's sentence.

## II. DISCUSSION

Under the law-of-the-case doctrine, district and appellate courts are bound by findings of fact and conclusions of law made by the appellate court in a prior appeal of the same case unless "(1) a subsequent trial produces substantially

different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996); Griffin II, 405 F.App'x at 380.  The Court of Appeals has held, in its decisions affirming the District Court's denial of Defendant's Fourth, Sixth, and Eighth Rule 35 Motions, that

1. Defendant was sentenced to life in prison pursuant to ACCA, Section 924(e);

2. Defendant was sentenced pursuant to the version of Section 924(e) in effect when Defendant committed the offense in Count One;

3. Defendant's conviction of life without the possibility of parole under 18 U.S.C. §§ 922(g) and 924(e) is not illegal pursuant to the former Rule 35(a); and,

2. Defendant's life sentence does not exceed the statutory maximum of life imprisonment pursuant to 18 U.S.C. § 924(e).

See Griffin I; Griffin II; Griffin III.

Defendant does not claim, and the Court cannot find, that any of the three exceptions to the law-of-the-case doctrine apply in this case.  No trial was held after the decisions in Griffin I, Griffin II, or Griffin III; no controlling authority

contradicts these decisions; and there is no showing that these decisions are "clearly erroneous" or result in a "manifest injustice."  Stinson, 97 F.3d at 469; Griffin II, 405 F.App'x at 380.  The Court is bound by the Eleventh Circuit's decisions in this matter and, thus, Defendant's Ninth Rule 35 Motion is denied.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Eugene Powell Griffin's *pro se* Motion for Correction or Reduction of Sentence pursuant to former Rule 35(a) [143] is **DENIED**.

**SO ORDERED** this 13th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE