# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE POWELL GRIFFIN, | : | MOTION TO VACATE |
| BOP ID 39049-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1622-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:88-CR-45-WSD-CMS |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before me on Eugene Powell Griffin's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* [150].[1]

In March 1989, Griffin was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count I"), and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 821 ("Count II"). *See United States v. Griffin*, 162 F. App'x 935, 936 (11th Cir. 2006). Because Griffin committed these crimes in May 1987, he was not subject to the United States Sentencing Guidelines. *See id.* Griffin was, however, sentenced under the Armed Career Criminal Act, 18 U.S.C.

---

[1] I express no view on Griffin's other pending filings, *see* [127, 134, 144 & 147], which have not been referred to me.

§ 924(e)(1), because he had four predicate state convictions for violent felonies. *See id.* The Honorable J. Owen Forrester "sentenced Griffin to life in prison, the maximum sentence allowed by § 924(e)(1)" on Count I and to a consecutive 20-year term of imprisonment on Count II. *Id.* The United States Court of Appeals for the Eleventh Circuit affirmed Griffin's conviction and sentence on direct appeal in 1990. *See id.*

In 1997, Griffin was able to persuade a state court to vacate three of his four predicate state convictions. *See id.* "Subsequently, Griffin, via a 28 U.S.C. § 2255 motion in the district court, argued he no longer had the requisite three predicate offenses and sought to reduce his federal life sentence . . . ." *Id.* "The district court denied the § 2255 motion because it was successive, and [the Eleventh Circuit] denied Griffin leave to file a successive motion." *Id.*

Soon thereafter, Griffin filed a motion to correct sentence under former Rule 35(a) of the Federal Rules of Criminal Procedure, contending that the state court vacatur of three of his predicate convictions rendered his life sentence "illegal." *Id.* at 935-36. Judge Forrester denied Griffin's Rule 35(a) motion, and the Eleventh Circuit affirmed that denial on appeal in 2006. *Id.* at *passim*.

2

In 2009, Griffin filed a motion under Federal Rule of Civil Procedure 60(b)(6), requesting that Judge Forrester grant him relief from the denial of his earlier-filed § 2255 motion.  *See* [73].  And Griffin filed another motion to correct sentence under Federal Rule of Criminal Procedure 35(a).  *See* [74].  Again, Griffin argued that his life sentence ought to be corrected because a state court had vacated three of his predicate convictions.  Judge Forrester denied both motions.  *See* [75].  The Eleventh Circuit denied Griffin a Certificate of Appealability with respect to his Rule 60(b)(6) motion, *see* [94], and affirmed the denial of the Rule 35(a) motion, *see Griffin v. United States*, 405 App'x 377 (11th Cir. 2011).

In 2011, Griffin filed additional motions attacking his federal sentence and continued incarceration.  *See* [102, 104, 106 & 107].  Judge Forrester denied these motions.  *See* [103, 105 & 108].  And, in 2013, the Eleventh Circuit denied Griffin's appeal.  *See* [123].

In 2016, Griffin filed a *pro se* § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See* [128].  Counsel later appeared on Griffin's behalf, and filed an amended § 2255 motion, reasserting his *Johnson* claim (but no other claims).  *See* [134].  Neither of these motions is referred to me, *see* n.1, *supra*, as it is this Court's policy

3

that *Johnson* claims are handled by the district judge before whom a § 2255 motion is pending.

Although he is now represented by counsel, Griffin nonetheless filed in 2017 an additional *pro se* § 2255 motion. *See* [150]. That motion has been referred to me.

Once again, Griffin argues that the vacatur of three of his predicate state convictions warrants changes to his federal life sentence. As the discussion above of Griffin's prior attacks on his federal sentence makes clear, this specific claim has already been the subject of repeated litigation and it has been conclusively resolved adversely to Griffin. Thus, "it plainly appears from the [§ 2255] motion [pending before me], any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255, Rule 4(a).

For the foregoing reasons, I **RECOMMEND** that the Court **SUMMARILY DISMISS** the *pro se* § 2255 motion that was referred to me. *See* [150].

Furthermore, with respect to the specific claim that the § 2255 motion referred to me presents, I **RECOMMEND** that a Certificate of Appealability be **DENIED** because Griffin does not meet the requisite

standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 31st day of May, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE